**SO ORDERED.**

/s/ *8/4/14*

**ROBERT E. LITTLEFIELD, JR.**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**FILED**

AUG 0 4 2014

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

CHAPTER 12 PROCEEDING

In re:
**FORT CHRISTOPHER'S THOROUGHBREDS, LLC.**

Debtors.    Case no. **12-10016**

### ORDER OF CONFIRMATION

A petition was filed by Debtor(s) under Chapter 12 of the Bankruptcy Code, and a meeting of creditors conducted upon due notice pursuant to 11 U.S.C. §341 at which the Chapter 12 Trustee, Debtor(s), and attorney for Debtor(s) were present and creditors or representatives of creditors were afforded an opportunity to be heard.

A hearing on confirmation of the Plan has been held upon due notice pursuant to 11 U.S.C.§1224. The Court finds that:

(1) The Plan complies with the provisions of Chapter 12, Title 11 United States Code, including but not limited to 11 U.S.C. §1225(a) and other applicable provisions of Title 11; and the debtor has complied with all the filing requirements under 11 U.S.C. §521;

(2) Under penalty of perjury, Debtor has represented to the Chapter 12 Trustee and this court that, to the extent applicable, all domestic support obligations owed by Debtor, as defined in 11 U.S.C. §101(14A), that have become due since the filing of the petition have been paid and that all such obligations coming due during the Plan will be paid in a timely fashion;

(3) Based upon the Trustee's review and recommendation, and the Court's disposition of all pending objections, if any, the Plan meets the confirmation requirements of 11 U.S.C. §1225.

     **ORDERED,** that

I.    THE PLAN:

That the Debtor(s) **Plan, filed April 19, 2012, (ECF#18)** is confirmed as set forth herein, the the following terms,

**A. PLAN TERM:**

**The debtor shall make payments to Mark W. Swimelar, as Chapter 12 Trustee, in the sum of:**

**$5,516.50 per month, commencing on the 15th day of the month, starting August 2014 for a period of sixty months, in addition, the debtor shall turn over $6,000 every October in 2014 through 2018 from the sale of horses.**

**The total amount of the Plan payments payable to the Trustee shall be no less than $360,990 and/or the debtor's disposable income, as defined in 11 U.S.C. §1226(b)(2), whichever amount may be higher.**

**B. NON-STANDARD PLAN TERMS**

    1) NONE

**C.    ORDER OF DISTRIBUTION OF PLAN PAYMENTS**

Funds received by the Trustee for distribution to creditors under the plan shall be applied, after payments of applicable Trustee's fees, in the following order of distribution:

1) To pay any remaining attorney's fees and other allowed administrative expenses pro rata until paid in full;

2) to pay any and all equal monthly payments required on allowed secured claims;

3) To pay allowed secured claims pro-rata until paid in full;

4) To pay allowed priority claims pro rata under paragraph;

2

5) To pay allowed unsecured non-priority claims pro-rata.

## D. REQUIREMENTS FOR COMPLETION

**The Plan will be considered complete when:**

**1) all allowed secured and priority unsecured claims have been paid in full, except those specified in paragraphs II(B)(1)(b) and (c) and II (B)(6);**

**2) all payments set forth in paragraph I have been received; and**

**3) allowed unsecured claims not separately classified and provided for in paragraph II (h) have been paid at least 10%.**

## II. TREATMENT OF CREDITORS

It is further ORDERED that all creditors shall be treated as follows:

### A. ADMINISTRATIVE EXPENSE CLAIMS

1) Debtor's Attorney's fees
   Total Fee Approved                        $2,500.00
   Amount Paid Directly by debtor            $0.00
   Allowed Administrative Claim to be paid   $2,500.00 *

*Any additional fees shall be approved upon further Court order.

2) Other allowed Administrative Claims
   NONE

### B. SECURED CLAIMS:

All secured creditors shall retain the lien(s) securing their claim(s) until the earlier of payment in full of the underlying debt determined in accordance with nonbankruptcy law or discharge of such claim under 11 U.S.C. § 1228, with the exception of judgment lien creditors whose liens impair the debtor's exemption and are subject to avoidance under 11 U.S.C. § 522(f) following entry of this Order. If paid by the Trustee, the secured claim shall be paid pro rata with similarly classified claims or in monthly payments, as indicated below.

(1) Real Property Mortgage Claims

(a) The secured creditor's filed proof of claim as allowed shall determine the arrears to be paid through the Plan. Absent a filed proof of claim, the claim shall be deemed allowed as set forth below and treated as follows:

| Creditor | Collateral Address | Amount of Arrears |
|---|---|---|

(b) Post-petition mortgage payments to be paid directly:

| Creditor | Collateral Address | Amount of Claim |
|---|---|---|

(c) Post-petition mortgage payments to be paid through the Plan:

| Creditor | Collateral | Claim | Interest | Payment Amount |
|---|---|---|---|---|
| **CIT Small Bus Lending-Real property (Loan #9601)** | | **$511,500** | **4.25%** | **$2,516.27** |
| **CIT Small Bus Lending Real property (Loan #9101)** | | **$263,500** | **4.25%** | **$1,296.26** |

**The claim of CIT Small Business Lending in the amount of $1,537,384.51 is partially secured by real property (Loan #9601), in the amount of $511,500.00. The secured claim shall be paid through the plan with interest at the discount rate of 4.25% per annum amortized over a period of 30 years, with payments of $2,516.27 for the first 60 months and then directly by the debtor for the remaining ten years (120 months), with a balloon payment of the entire remaining amount of the secured claim due in the month 181.**

**The claim of CIT Small Business Lending in the amount of $1,537,384.51 is partially secured by real property (Loan #9101), in the amount of $263,500. The secured claim shall be paid through the plan with interest at the discount rate of 4.25% per annum amortized over a period of 30 years, with payments of $1,296.26 for the first 60 months and then directly by the debtor for the remaining ten years (120 months), with a balloon payment of the entire remaining amount of the secured claim due in the month 181.**

**The remaining balance of $762,384.50 shall be classified as an unsecured non-priority claim and paid a 10% dividend.**

(2) Payment of Bifurcated Claim with Secured Portion Based on Collateral Value

The creditor(s) listed below will be paid the value of their collateral pursuant to 11 U.S.C. § 506 with present value interest pursuant to 11 U.S.C. § 1225(b)(5). Any filed claim requesting payment of a higher secured claim amount shall be deemed to be an unsecured claim to the extent that the amount of the filed claim exceeds the value stated below. Further, any request for interest at a rate which is higher than the rate listed below shall be disallowed. A filed claim seeking a lower secured claim amount or lower rate of interest on its secured claim shall be deemed to be the creditor's consent to accept payment of said lower amount(s) and will control:

| Creditor | Collateral | Value | Interest Rate | Equal Monthly Payment |
|---|---|---|---|---|

(3) Payment in Full of Secured Claim With Present Value Interest

The creditors listed below will be paid in full principal owed with present value interest pursuant to 11 U.S.C. § 1225(b)(5). The amount of the claim shall be determined in accordance with the claim deemed filed by Debtor as set forth below, subject to amendment by the secured creditor's proof of claim. Any filed proof of claim will be disallowed to the extent that the interest rate sought exceeds the rate listed below. A filed claim seeking a lower secured claim amount or lower interest rate on its secured claim shall be deemed to be the creditor's consent to accept payment at the lower amount and said lower amount(s) will control:

| Creditor | Collateral | Full Claim Amt | Interest Rate | Equal Monthly Payment |
|---|---|---|---|---|
| (#2-1) John Deere | 3000 JD Tractor | $10,098.58 bal. | 7% | $263.44 for 38 mos & $87.86 in month 39 |

**The allowed secured claim of John Deere shall be paid $10,577.10 and shall be deemed fully secured and shall be paid with interest thereon at the rate of 7% per annum. The first 16 monthly payments having been made pursuant to Order and Stipulation (#51) directly by the debtor. The final 38 monthly payments of $263.44 and a 39th payment of $87.86 shall be made through the plan starting in September 2014 for a total of $10,098.58 through the plan.**

(4) Payment of Arrearage Only on Claims Secured by Personalty

Arrears owed to the creditor(s) listed below will be paid in accordance with a filed claim. The amount of the claim shall be determined in accordance with the claim deemed filed by Debtor as set forth below, subject to amendment by secured creditor's proof of claim, as allowed:

| Creditor | Collateral | Amount of Arrears |
|---|---|---|

(5) Payment in Full of All Other Secured Claims

The creditor(s) listed below will receive payment in full in accordance with the claim deemed filed by Debtor as set forth below, subject to amendment by the secured creditor's proof of claim:

| Creditor | Collateral | Lien Amount | Interest Rate |
|---|---|---|---|
| Washington County | real property taxes | $9,688.72 | 12% |
| See (#35) Order, dated 12/14/12- includes 2011 and 2012 taxes | | | |

5

(6) Other Ongoing Direct Payments on Secured Claims:

The creditor(s) listed below will not receive payments through the Plan and shall retain their lien(s):

| Creditor | Collateral |
|---|---|
| **Ally Auto** | **2007 Saab** |

### C. MORTGAGE CLAIMS MODIFIED PURSUANT TO 11 U.S.C. § 506

The following claim(s) shall be treated as unsecured:

| Creditor | Date of Order or ECF Doc. No. | Amount of Claim |
|---|---|---|
| | | |

### D. COLLATERAL SUBJECT TO SURRENDER

The collateral securing the claim(s) held by the following secured creditor(s) will be surrendered to said creditor(s). Upon entry of this Order, said creditor(s) may submit an *ex parte* application and order, together with the appropriate fee, providing that the automatic stay shall be vacated on the condition that the order also provide that any surplus monies realized by any sale of collateral shall be payable to the Trustee and Debtor as co-payees:

| Creditor | Collateral | Amount of Claim (if known) |
|---|---|---|
| | | |

### E. CLAIMS SUBJECT TO SALE OF COLLATERAL

The collateral securing the claim(s) held by the following secured creditor(s) will be sold during the term of the Plan on the terms and conditions set forth below and the claim(s) shall be paid from sale proceeds at the time of sale. No disbursements shall be made to the creditor(s) from the regular monthly Plan payments:

| Creditor | Collateral | Amount of Claim |
|---|---|---|

### F. PRIORITY CLAIMS

An allowed claim entitled to priority under 11 U.S.C. § 507 shall be paid in full. The claim shall be deemed allowed as set forth below, subject to amendment by the creditor filing a proof of claim:

| Creditor | Amount of Claim |
|---|---|

### G. CO-SIGNED AND OTHER SEPARATELY CLASSIFIED UNSECURED CLAIMS

The claim(s) listed below have been separately classified pursuant to 11 U.S.C. § 1222(b)(1) and will be paid in full. The claim(s) shall be deemed allowed as set forth below, subject to amendment by the creditor filing a proof of claim.

Creditor                              Amount of Claim

### H. UNSECURED NON-PRIORITY CLAIMS

Unsecured non-priority claims will be paid pro rata until paid in accordance with the minimums set forth in paragraph I above.

### I. UNEXPIRED LEASES AND EXECUTORY CONTRACTS

Unexpired leases and executory contracts with the following creditors are **ASSUMED**:

Creditor                              Amount of Claim

Unexpired leases and executory contracts with the following creditors will be **REJECTED**.

Creditor                              Amount of Claim

### III. DISCHARGEABILITY

It is further ORDERED that any provision in the chapter 12 Plan purporting to discharge a claim under 11 U.S.C. § 523 shall be unenforceable and void until such time as Debtor obtains a separate order other than this Order that discharges such claim.

### IV. DEFAULT ON DIRECT PAYMENTS TO SECURED CREDITORS

If the debtor fails to receive a discharge under 11 U.S.C. §1228 of the Bankruptcy Code, then any compromise arrangements made by secured creditors may be avoided and the original obligations between the parties reinstated, except to the extent that this Court specifically orders otherwise. In the event any secured claims are being paid pursuant to their original contract or pursuant to new agreements reached between the parties, to the extent that any such new agreements exist, the parties are hereby ordered to execute any and all documents necessary to reflect the new notes and obligations which exist between

the parties. In the event of a default under the Plan, the secured creditors may reinstate the terms of the original obligations, subject to the further order of this Court. All parties will promptly execute any and all documents necessary to reflect the new arrangement, including any new liens required to be filed. To the extent that the new arrangement reflects an extension of the obligations secured by valid liens filed prior to the filing of the petition, said liens will continue in existence as of the date of the filing of the lien, and not as of the date of the new arrangement between the parties, unless this Court orders otherwise or the parties so stipulate otherwise.

V.   **REQUIREMENTS REGARDING POST-PETITION TAX RETURNS**

It is further ORDERED that during the term of the confirmed Plan, Debtor shall timely file with the taxing authorities all required federal and state tax returns and pay all applicable taxes when due. Upon Debtor's default in the timely filing of required federal and/or state tax returns and/or in the payment of applicable federal and/or state taxes for any post-petition period, the appropriate taxing authority may give written notice of said delinquency ("Delinquency Notice") to Debtor by regular mail, and the Debtor's attorney and Trustee by electronic notice, based upon the filing of the Delinquency Notice with the court. The taxing authority must file an affidavit of service of the Delinquency Notice with the court. The Delinquency Notice shall specify which tax returns have not been filed and/or which taxes have not been paid and give notice that the taxing authority may apply *ex parte* for an order dismissing the case within 180 days from the date the Delinquency Notice is given if the delinquency is not: (1) cured; (2) settled by written agreement between the parties; or (3) resolved by appropriate pleading submitted to the court evidencing the filing of said returns and/or payment of said tax. If the delinquency is not addressed as per the terms of the Delinquency Notice, the taxing authority may submit an *ex parte* application and order dismissing the chapter 12 case without further notice.

VI.  **OBLIGATION TO REPORT INHERITANCES, SETTLEMENTS, AWARDS, BONUSES OR ANY OTHER ASSET OR MONIES RECEIVED DURING THE TERM OF THE PLAN**

It is further ORDERED that Debtor shall report to the Trustee any receipt or notice of entitlement to funds in excess of $1,500.00 during the term of the Plan (other than the regular monthly income reflected in Schedule I filed with the court).

VII. **TRUSTEE'S DUTIES**

Pursuant to 11 U.S.C. §1202(b)(2) the Trustee is ORDERED not to perform the duties specified in 11 U.S.C. §1106 (a)(3) and (a)(4) until further ordered from this Court.

## VIII. PROHIBITION ON POST-PETITION DEBT

Debtor(s) are stayed and enjoined from incurring any new debts in excess of $1,500.00 out of the ordinary course of business except such debts as may be necessary for emergency medical or hospital care without the prior approval of the Court unless such prior approval was impracticable and therefore cannot be obtained.

## IX. SALES OR TRANSFERS OF PROPERTY DURING THE PLAN TERM

It is further ORDERED that no property may be sold or transferred without the approval of the court or the Trustee. Notwithstanding any provision of the Plan or this Order, no article of property, real or personal, with any value of less than $2,500.00 may be sold, transferred or otherwise disposed of, without the prior consent of the Trustee and no article of property, real or personal, with any value of more than $2,500.00 may be sold, transferred or otherwise disposed of, without the prior consent of this court. Any property sold during the course of the Chapter 12 with a lien which is being paid through the plan or any claim that is impaired or being modified shall be paid through the plan less closing costs.

## X. NO REVESTING

It is further ORDERED that property of the estate shall not revest in Debtor until completion of the Plan.

## XI. ONGOING NOTICES

It is further ORDERED that creditors being paid directly by the debtor under the Plan shall continue to send customary payment coupons, statements and notices to the parties making ongoing payments during the term of the Plan. Such actions shall not constitute or form the basis for finding a violation of the automatic stay.

## XII. INCONSISTENT PROVISIONS

It is further ORDERED that in the event of an inconsistent provision contained in the Plan and this Order, this Order shall control.

**ALL OPPOSITION HAVING BEEN OVERRULED OR SETTLED, THE STANDING TRUSTEE RECOMMENDS THE PLAN AS SATISFYING REQUIREMENTS OF 11 U.S.C. §1225(a).**

Date: 7/24/14                                         Initials: MWS

###